IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYL BUESCHER, as special administrator of the Estate of Timothy Buescher, deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KEITH ZARCZYNSKI & CRYSALIS BIOSCIENCES, INC.,**<br><br>**Defendants.** | Case No. 24-CV-02417-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Remand filed by Plaintiff Cheryl Buescher as the special administrator of the Estate of Timothy Buescher, deceased. (Doc. 7). Having been fully informed of the issues presented, Plaintiff Buescher's Motion to Remand is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Buescher is the Special Administrator of the estate of Timothy Buescher, her deceased husband. (*See* Doc. 1). She alleges that the decedent was injured and killed in St. Clair County, Illinois as a result of performing electrical work in the course of his employment with Bell Electrical Contractors. (*See id.*). She alleges that the decedent was shocked when working on energized electrical equipment from an improper maintenance lockout due to the negligence of Defendant Crysalis Biosciences, Inc. and Keith Zarczynski, the Quality and Compliance Manager at Crysalis. (*See id.*, Ex. A, p. 2). Plaintiff Buescher filed a wrongful death lawsuit in St.

Clair County, Illinois on March 27, 2024. *See Cheryl Buescher, as Special Administrator of the Estate of Timothy Buescher, deceased, v. Keith Zarczynski*, No. 24LA0464 (Ill. Cir. Ct.); (Doc. 1). The initial Complaint listed Zarczynski as the only Defendant. (*See* Doc. 1). After Zarczynski filed an Answer, Buescher filed an Amended Complaint on July 12, 2024 that added Crysalis as a Defendant. (*See* Doc. 1, Ex. A). The Defendants removed this case to federal court on November 1, 2024. (*See id.*). In their Notice of Removal, they argue that Defendant Zarczynski was fraudulently joined to defeat diversity jurisdiction. (*See id.*, ¶¶ 28–62).

The Defendants filed a Motion to Dismiss on November 7, 2024. (*See* Doc. 5). On November 8, 2024, Buescher filed the instant Motion to Remand. (*See* Doc. 7). Buescher filed a Motion for Extension of Time on November 13, 2024 requesting to delay her response to the Motion to Dismiss until after the Court adjudicates her Motion to Remand. (See Doc. 10). The Court agreed to her request due to this Court's requirement to ensure that it possesses subject-matter jurisdiction. (*See* Doc. 11 (citing *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021)). The Defendants filed a Response to Buescher's Motion to Remand on December 9, 2024; Buescher filed a Reply on January 13, 2025. (*See* Docs. 12, 18).

### Applicable Law And Legal Standards

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also *Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694–95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 841 (S.D. Ill. 2006).

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). After resolving all issues of fact and law in favor of the plaintiff, if there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur*, 577 F.3d at 764. The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

Courts normally make the fraudulent joinder determination by evaluating the face of the pleadings. *Poulos,* 959 F.2d at 73. However, under certain circumstances it is appropriate for a court to "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition

testimony." *Hauck v. ConocoPhillips Co.,* No. 06-135, 2006 WL 1596826 (S.D. Ill. 2006) (quoting *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)). While not advocating a "pre-try" of the case, the Seventh Circuit held it proper to disregard a non-diverse defendant's citizenship where the non-diverse defendant produced an uncontested affidavit showing that plaintiff could not succeed on its claim against it. *Faucett v. Ingersoll-Rand Min. & Mach. Co.,* 960 F.2d 653 (7th Cir. 1992).

## ANALYSIS

In her Motion to Remand, Buescher argues that the Defendants' removal of her case was untimely and that the forum defendant rule prohibits the application of the fraudulent joinder doctrine as related to Defendant Zarczynski. (*See* Doc. 7, pp. 4–8); 28 U.S.C. § 1441(b)(2). The Defendants argue that their Notice of Removal was timely and that the fraudulent joinder doctrine applies to the forum defendant rule. (*See* Doc. 12).

First, the Defendants' Notice of Removal (Doc. 1) was not untimely. While Plaintiff argues that "Crysalis was aware on July 18, 2024 that the amended complaint was filed on July 12, 2024, when it had 'receipt of' an email from plaintiff counsel's office," (Doc. 7, p. 4), 28 U.S.C. § 1446(b)(1) is explicit that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days *after the service of summons upon the defendant* if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* (emphasis added); (*see* Doc. 12, p. 4 (*citing Dent v. Renaissance Mktg. Corp.,*

No. 14 C 02999, 2014 WL 5465006, at *6 (N.D. Ill. Oct. 28, 2014); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999))). Crysalis states that it waived service on October 8, 2024 and that its Notice of Removal was filed on November 1, 2024, which is clearly within the thirty-day window. (*See* Doc. 12, p. 5). Plaintiff's argument that an email from counsel was sufficient "notice" does not comport with the express requirements of the relevant statute. *See* 28 U.S.C. § 1446(b)(1). The Court need not assess whether or not Plaintiff's Amended Complaint is specific and unambiguous enough to start Defendants' removal "clock" in the first place. (*See* Doc. 12, pp. 6–7).

The heart of this matter is the interaction between the fraudulent joinder doctrine and the forum defendant rule. It is undisputed that the decedent in this case was a citizen of Missouri, (*see* Doc. 1, p. 5 (citing *id.*, Ex. M)); that Defendant Zarczynski is a citizen of Illinois (*see id.*, p. 5 (citing *id.*, Ex. I)); and that Defendant Crysalis is a corporation incorporated in Delaware and headquartered in Georgia (*see id.*, p. 5 (citing *id.*, Ex. H)). The parties do not dispute the amount in controversy, either, meaning that complete diversity is present in accordance with 28 U.S.C. § 1332. The injury in question occurred in St. Clair County, Illinois, meaning that venue is appropriate. (Doc. 1, p. 2 (citing *id.*, Ex. A, p. 1)). Because Zarczynski is an Illinois citizen, however, Plaintiff argues that the forum defendant rule bars removal of this case (*see* Doc. 7, p. 5). See 28 U.S.C. § 1441(b)(2). The Defendants argue that Zarczynski was fraudulently joined to defeat diversity jurisdiction, meaning that this Court should dismiss the claims against him, deny the Motion to Remand (*see* Doc. 12), and maintain jurisdiction.

Both parties discuss *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013), and its district court progeny in detail. (*See* Doc. 7, pp. 5–6; Doc. 12, pp. 7–11; Doc. 18, pp. 1–6). *Morris* involved a case filed in Ohio state court which was removed to the U.S. District Court for the Northern District of Ohio and then transferred to the Southern District of Indiana. *See* 718 F.3d at 663. The Seventh Circuit noted that fraudulent joinder is "an exceptionally rare abusive pleading tactic." *Id.* at 670. They stated that:

> The fraudulent joinder doctrine is designed to strike a "reasonable balance" between competing policy interests. *See* 14B WRIGHT, MILLER, COOPER & STEINMAN, § 3723 pp. 788–93. At one end of the scale is the plaintiff's right to select the forum and the defendants, as well as the general interest in confining federal jurisdiction to its appropriate limits. *Id.* At the other end of the scale is the defendant's statutory right of removal, and associated interest in guarding the removal right against abusive pleading practices. *Id.* To determine whether the fraudulent joinder doctrine ought to extend to diverse resident defendants, it is necessary to consider how these interests balance out in the context of the forum defendant rule.

*Id.* at 668. "To establish fraudulent joinder, a removing defendant 'must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Id.* at 666 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). Notably, the Seventh Circuit noted that it is "a very close question whether the fraudulent joinder doctrine ought to extend to diverse resident defendants, and we are reluctant to rule definitively on the issue today absent a more thorough and more able presentation of the relevant balance of interests described above." *Id.* at 670–71.

While the Seventh Circuit has not ruled on this issue since *Morris*, "some district courts in the Seventh Circuit have applied the fraudulent joinder doctrine to the forum defendant rule and found that a fraudulently joined resident defendant

will not preclude removal by a nonresident defendant." *Long v. John Crane, Inc.*, No. 23-CV-1152-JPG, 2023 WL 4558513, at *4 (S.D. Ill. July 17, 2023) (citing *Bahalim v. Ferring Pharms., Inc.*, No. 16 C 8335, 2017 WL 118418, at *4 (N.D. Ill. Jan. 12, 2017)). Other district courts have followed *Morris* and refused to extend the fraudulent joinder doctrine to diverse resident defendants. *See id.* (citing *Antcliff v. Custom Blending & Packaging of St. Louis, LLC*, No. 18-cv-1776-NJR-GCS, 2019 WL 276156, at *3 (S.D. Ill. Jan. 22, 2019)). This Court recently held that the fraudulent joinder doctrine applied in a case involved a non-diverse forum state defendant. *See Buckmire v. Dollison*, No. 3:24-CV-02215-SPM, 2024 WL 5088372 (S.D. Ill. Dec. 12, 2024). However, in the instant case (as in *Morris*), the issue here is not *Zarczynski's* right of removal but, rather, *Crysalis's* right of removal. *See Morris*, 718 F.3d at 669.

In *Antcliff*, then-District Judge Rosenstengel wrote that "[t]he facts of *Morris* are not meaningfully different from the case here. Like Ms. Antcliff, the plaintiff in *Morris* was an out-of-state plaintiff." 2019 WL 276156, at *3 (citing *Morris*). However, unlike in *Morris* or in *Antcliff*, there is some additional information before the Court in this case. Buescher's original Complaint named only Zarcszynski as the Defendant; the First Amended Complaint added claims against Crysalis. (*See* Doc. 7, Ex. C). Defense Counsel also provided a signed Declaration stating that Plaintiff's counsel expressed a willingness to dismiss Zarczynski as a Defendant in exchange for an agreement with Defense Counsel to not remove this case. (*See* Doc. 12, Ex. D). Plaintiff's Counsel does not dispute this, indicating that, at minimum, Plaintiff's counsel was aware at the outset that Zarczynski's presence would prevent removal of this case.

However, unlike the undisputed video evidence in *Buckmire*, the Declarations provided by the Defendants are not conclusive enough to meet the Defendants' "heavy burden" here. *Morris* at 666 (citing *Poulos*, 959 F.2d at 73). In the absence of controlling Seventh Circuit precedent, this Court declines to apply the doctrine of fraudulent joinder to a diverse resident defendant for the same reasons as elucidated in *Antcliff*. *See* 2019 WL 276156, at *3. Notably, "[a]s reiterated in *Morris*, the Seventh Circuit consistently cautions district courts to narrowly construe removal statutes and resolve any doubts regarding removal in favor of the plaintiff's chosen forum in state court." *Antcliff* at 668 (citing *Morris*). While the Court has doubts on whether Plaintiff can adequately allege a cause of action in negligence against Zarczynski, those doubts do not rise to the level of there being "no chance of success" against him. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see Buckmire v. Dollison*, No. 3:24-CV-02215-SPM, 2024 WL 5088372, at *2 (S.D. Ill. Dec. 12, 2024) (citing *Poulos* at 73).

Crucially, expanding the fraudulent joinder doctrine "might well substantially increase the number of removal petitions filed in federal court, which would stall the administration of justice at both the state and federal levels as district courts engage in what can often be complex acts of prediction regarding the viability of a plaintiff's state law claims." *Morris* at 670. Therefore, this Court agrees that the costs of expanding this doctrine outweigh the benefits. *See Morris* at 670*; Antcliff* at *3 (quoting *Morris* at 671).

## CONCLUSION

For the reasons set forth above, Plaintiff Cheryl Buescher's Motion to Remand (Doc. 7) is **GRANTED**. This case is **REMANDED** to the Circuit Court for St. Clair County, Illinois. Additionally, the pending Motion to Dismiss (Doc. 5) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:  March 3, 2025**

                                         **s/ *Stephen P. McGlynn***
                                         **STEPHEN P. McGLYNN**
                                         **U.S. District Judge**